FILED
NOVEMBER 24, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Michael Williams,<br><br>　　　Plaintiff,<br><br>— v —<br><br>R. R. Donnelley & Sons Company, a Delaware corporation,<br><br>　　　Defendant. | **Jury trial demanded**<br><br>**07 C 6606**<br><br>**JUDGE NORGLE**<br>**MAGISTRATE JUDGE DENLOW** |

## Complaint

Plaintiff complains of defendant as follows:

### Nature of action

1.　Plaintiff Michael Williams, a former employee of defendant R.R. Donnelley & Sons Company, sues to redress the legal and equitable wrongs he suffered when defendant retaliated against him in violation of the Family and Medical Leave Act of 1993 [29 U.S.C. §§2601 et seq., commonly referred to as the "FMLA"] and/or interfered with his rights under that Act and withheld commissions and bonuses from him in breach of contract and in violation of applicable doctrines of law. Mr. Williams also sues to obtain an accounting.

### Parties

2.　Plaintiff is Michael Williams ["Mr. Williams"].

3.　Defendant is R.R. Donnelley & Sons Company, a Delaware corporation ["defendant"].

### Mr. Williams's employment history with defendant

4.　Mr. Williams worked for approximately twenty-three years for defendant

and its predecessor Moore Wallace.

5. Mr. Williams began working for defendant's predecessor in 1983, while he was in college. Mr. Williams's first job for defendant's predecessor was in the mail room.

6. Mr. Williams held a variety of positions with defendant's predecessor over the next thirteen years.

7. In 1996, Mr. Williams became an account executive for defendant's predecessor.

8. Over the next ten years, Mr. Williams's work as an account executive was increasingly lucrative for defendant's predecessor and, once defendant took over, for defendant.

9. On May 5, 2006, Dean DeSantis, Mr. Williams's direct supervisor, met with Mr. Williams to review his performance.

10. On May 8, 2006, Supervisor DeSantis, acting with the scope of his employment at defendant, wrote Mr. Williams a letter that stated, in part:

> "Mike, you have been and are a very successful sales rep for Moore Wallace. You will generate over $9,000,000 in revenue for the company. You can and should be very proud of that. The next step towards greatness is to design, plan and implement a strategy to continually increase revenue year-over-year through a good combination of organic growth and net new business. Let me know what I can do to help you achieve your personal and professional goals".

See, 5/8/06 letter attached to this Complaint as Exhibit A.

11. Throughout the remainder of 2006, Mr. Williams remained on track to write $11,000,000 in business for 2006, thus achieving the "organic growth" that

        Supervisor DeSantis referred to in the May 8, 2006, letter attached to this Complaint as Exhibit A.

12.       Also in the remainder of 2006, Mr. Williams earned a "new business" bonus, which was one of the few new-business bonuses given to salespersons in his region, thus fulfilling the "net new business" that Supervisor DeSantis referred to in the May 8, 2006, letter attached to this Complaint as Exhibit A.

13.       Throughout Mr. Williams's approximately twenty-three years of employment with defendant and its predecessor, Mr. Williams received compliments on his work from his supervisors, his fellow employees, and his clients and generally met and/or exceeded defendant's legitimate job-performance expectations.

**Mr. Williams requests and is granted two FMLA leaves**

14.       In the late Spring of 2006, Mr. Williams requested medical leave from defendant for some treatment he needed.

15.       Defendant approved Mr. Williams's medical leave for June 9 through July 7, 2006.

16.       Later, Mr. Williams requested and defendant approved a second medical leave for August 11 through 25, 2006.

**Mr. Williams requests FMLA leave to care for his father, but is fired**

17.       On September 22, 2006, Mr. Williams and Supervisor DeSantis had a joint out-of-the-office meeting scheduled with a client. Mr. Williams called Supervisor DeSantis early that morning and told him that his father, who had recently had surgery, was in severe distress and might need to be taken to the hospital that

day.  Mr. Williams asked Supervisor DeSantis if he could be excused from the client meeting to care for his father.

18.     Rather than grant Mr. Williams's request to care for his father, Supervisor DeSantis terminated him on the spot, effectively immediately.

19.     Two days before Mr. Williams had requested leave to care for his father (i.e., on September 20, 2006), Mr. Williams had had a meeting with Supervisor DeSantis and a human resources representative at which Supervisor DeSantis expressed concern about the medical problems that had led to Mr. Williams's FMLA leaves.

**Defendant's failure to pay Mr. Williams commission and bonus**

20.     Mr. Williams was compensated by defendant, among other ways, by commission and bonus.

21.     Pursuant to and in reliance on defendant's promise to pay him commission and bonus, Mr. Williams made various sales for defendant.

22.     At all times when Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois a statute called the Wage Payment and Collection Act [820 ILCS 115/1, et seq.].

23.     Also at all times for which Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois regulations of the Department of Labor under the Wage Payment and Collection Act [56 Ill. Admin. Code §300.440, et seq.], one of which [§300.510(a)] stated, in relevant part:

> **"Section 300.510  Earned Commissions**
>
> a) Absent an express agreement to the contrary, an employee who is the procuring cause of a sale or other transaction is entitled to commission, notwithstanding the fact that the sale or other transaction was consummated by the principal personally or through another agent."

24. Defendant has failed to pay Mr. Williams commissions and bonus due him by contract and/or under applicable doctrines of law.

**Fulfillment of conditions precedent to the bringing of this action**

25. Mr. Williams has fulfilled all conditions precedent to bringing this action.

**Jurisdiction and Venue**

26. This Court has jurisdiction under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)] and under §1331 of the Judicial Code [28 U.S.C. §1331] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

27. This cause of action arose in the Northern District of Illinois. Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

## Count I – FMLA retaliation and/or interference.

28. Mr. Williams realleges paragraphs 1 through 27 of this Complaint.

29. From May through September, 2006, among other times, defendant was an "employer" as defined in §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

30. From May 2006 through the termination of his employment by defendant, among other times, Mr. Williams was an "eligible employee" as defined in §101(2)

of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

31. The medical leaves requested by Mr. Williams and granted by defendant qualified as medical leaves under the FMLA.

32. Mr. Williams's request to care for his father qualified as a request for leave under the Family and Medical Leave Act.

33. Defendant, by firing Mr. Williams, retaliated against him and/or discriminated against him for his exercise of his rights under the Family and Medical Leave Act of 1993 and/or interfered with his exercise of those rights, all in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220].

34. As a proximate result of defendant's retaliation and/or interference, Mr. Williams lost wages, lost other compensation, lost benefits, and lost his job.

***Wherefore***, Plaintiff Michael Williams prays for:

    a. Wages, employment benefits, and other compensation lost to him as a result of defendant's retaliation and/or interference in violation of the Family and Medical Leave Act of 1993 and of the Department of Labor regulations;

    b. Prejudgment interest at the prevailing rate from the date he was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to him as a result of defendant's violations of the Family and Medical Leave Act of 1993;

c.     Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of defendant's violations of the Family and Medical Leave Act of 1993;

d.     Reasonable attorney's fees and the costs and expenses of this action; and

e.     Such other relief as this Court deems just and appropriate.

## Count II – Failure to pay commission and bonus.

35.     Mr. Williams realleges paragraphs 1 through 27 of this Complaint.

**Illinois Wage Payment and Collection Act**

36.     At all times for which this Complaint seeks unpaid compensation, defendant was an "employer" within the definition of §2 of the Illinois Wage Payment and Collection Act [820 ILCS 115/2].

37.     When Mr. Williams worked for defendant, he was an "employee" of defendant's within the definition of §2 of the Illinois Wage Payment and Collection Act [820 ILCS 115/2].

**Defendant's liability for unpaid commission and bonus**

38.     Defendant violated the Illinois Wage Payment and Collection Act, violated the Department of Labor "earned-commissions" regulation under that Act, violated other applicable doctrines of law, and/or breached its contract with Mr. Williams by failing to pay him the commission and bonus due him.

**Illinois Attorneys Fees in Wage Actions Act**

39.     At all times when Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois

a statute called the Illinois Attorneys Fees in Wage Actions Act [705 ILCS §§ 225/0.01 et seq.], §1 of which stated, in relevant part:

> "Whenever a[n] ... employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action."

[705 ILCS 225/1.]

40. Mr. Williams made a (discounted) demand for the amount due at least three days before this action was brought and is therefore entitled to reasonable attorney's fees under the Illinois Attorneys Fees in Wage Actions Act [705 ILCS §§225/0.01 et seq.] as part of the costs of this action. The demand letter is attached to this Complaint as Exhibit B, the Certificate of Mailing for that demand letter is attached to this Complaint as Exhibit C, and the certified-mail receipt for that demand letter is attached to this Complaint as Exhibit D.

**Illinois Interest Act**

41. At all times when Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois a statute called the Illinois Interest Act [815 ILCS 205/0.01, et seq.].

42. At all times when defendant employed Mr. Williams and continuing to the present, §2 of the Illinois Interest Act stated, in relevant part:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any ... other instrument of writing... and on money withheld by an unreasonable and vexatious delay of payment."

[815 ILCS 205/2.]

43. The commission and/or bonus that defendant failed to pay Mr. Williams were due on an "instrument of writing" for purposes of §2 of the Interest Act.

44. In the alternative, the commission and/or bonus that defendant failed to pay Mr. Williams were "withheld by an unreasonable and vexatious delay of payment" for purposes of §2 of the Interest Act.

45. Under the Interest Act, Mr. Williams is therefore entitled to pre-judgment interest on the commission and/or bonus that defendant failed to pay him.

**Wherefore**, plaintiff Michael Williams prays for:

a. Judgment in his favor and against defendant for the amount shown to be due him for defendant's failure to pay him his compensation;

b. Judgment in his favor and against defendant for pre-judgment interest on the amount shown to be due him for defendant's failure to pay him his compensation;

c. The costs of this action, including his reasonable attorneys fees pursuant to the Illinois Attorneys Fees in Wage Actions Act [705 ILCS §§ 225/0.01 et seq.]; and

d. Such other relief as this Court deems just and appropriate.

## Count III – Accounting

46.     Mr. Williams realleges ¶¶1-27 and ¶¶36-45 of this Complaint.

47.     An accounting from defendant is needed to determine the exact amount of compensation due Mr. Williams.

**Wherefore**, plaintiff Michael Williams prays for:

a.      An Order that an auditor be appointed to examine the accounts and records of defendant's business and to report back to this Court what amounts, if any, are due from defendant to plaintiff Michael Williams under his contract with defendant and/or applicable doctrines of law;

b.      Judgment in his favor and against defendant in the amount shown to be due him by that accounting;

c.      Judgment in his favor and against defendant for pre-judgment interest on the amount shown to be due him by that accounting;

d.      The costs of this action, including his reasonable attorneys fees pursuant to the Illinois Attorneys Fees in Wage Actions Act [705 ILCS §§ 225/0.01 et seq.]; and

e.      Such other relief as this Court deems just and appropriate.

                                                        Michael Williams
                                                        Plaintiff,

David L. Lee
ARDC #1604422
d-lee@davidleelaw.com
Law Offices of David L. Lee                By:     s/ David L. Lee
53 W. Jackson Blvd.                                    His attorney
Suite 660
Chicago, IL 60604
312-347-4400