IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | |
| Plaintiff, | |
| v. | No. 07 C 6606 |
| R.R. DONNELLEY & SONS COMPANY, a Delaware corporation, | Judge Norgle |
| Defendant. | Magistrate Judge Denlow |

## ANSWER TO COMPLAINT

Defendant, R.R. Donnelley & Sons Company ("Donnelley"), by and through its attorneys, Vedder, Price, Kaufman & Kammholz, P.C., and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## ALLEGATION NO. 1:

Plaintiff Michael Williams, a former employee of defendant R.R. Donnelley & Sons Company, sues to redress the legal and equitable wrongs he suffered when defendant retaliated against him in violation of the Family and Medical Leave Act of 1993 [29 U.S.C. §§2601 et seq., commonly referred to as the "FMLA"] and/or interfered with his rights under that Act and withheld commissions and bonuses from him in breach of contract and in violation of applicable doctrines of law.  Mr. Williams also sues to obtain an accounting.

## ANSWER:

Donnelley admits that Plaintiff is a former employee and that he purports to bring this action for retaliation and interference in violation of the Family Medical Leave Act ("FMLA"), breach of contract for commissions and bonuses and an accounting, but denies any allegations of wrongful conduct and that Plaintiff is entitled to any relief.  Donnelley denies the remaining allegations contained in Paragraph 1.

## Parties

**ALLEGATION NO. 2:**

Plaintiff is Michael Williams ["Mr. Williams"].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 3:**

Defendant is R.R. Donnelley & Sons Company, a Delaware corporation ["defendant"].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 4:**

Mr. Williams worked for approximately twenty-three years for defendant and its predecessor Moore Wallace.

**ANSWER:**

Donnelley admits that Plaintiff worked for Donnelley's predecessors Moore Business Forms, Inc. ("Moore") and Moore Wallace North America, Inc. ("Moore Wallace") for approximately twenty-three years. Donnelley denies the remaining allegations contained in Paragraph 4.

**ALLEGATION NO. 5:**

Mr. Williams began working for defendant's predecessor in 1983, while he was in college. Mr. Williams's first job for defendant's predecessor was in the mail room.

**ANSWER:**

Donnelley admits that Plaintiff began working for Moore in 1983 in the mailroom. Donnelley is without sufficient knowledge or information to form a belief as to whether Plaintiff was in college at the time he was hired.

- 2 -

**ALLEGATION NO. 6:**

Mr. Williams held a variety of positions with defendant's predecessor over the next thirteen years.

**ANSWER:**

Donnelley admits that Plaintiff held a variety of positions with Donnelley's predecessors over approximately the next twelve years. Donnelley denies the remaining allegations contained in Paragraph 6.

**ALLEGATION NO. 7:**

In 1996, Mr. Williams became an account executive for defendant's predecessor.

**ANSWER:**

Donnelley admits that Plaintiff became an account manager for Moore in or about 1995. Donnelley denies the remaining allegations contained in Paragraph 7.

**ALLEGATION NO. 8:**

Over the next ten years, Mr. Williams's work as an account executive was increasingly lucrative for defendant's predecessor and, once defendant took over, for defendant.

**ANSWER:**

Donnelley admits that Plaintiff worked as an account manager, but denies the remaining allegations contained in Paragraph 8.

**ALLEGATION NO. 9:**

On May 5, 2006, Dean DeSantis, Mr. Williams's direct supervisor, met with Mr. Williams to review his performance.

**ANSWER:**

Donnelley is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9.

CHICAGO/#1721957.1

**ALLEGATION NO. 10:**

On May 8, 2006, Supervisor DeSantis, acting with the scope of his employment at defendant, wrote Mr. Williams a letter that stated, in part:

> "Mike, you have been and are a very successful sales rep for
> Moore Wallace.  You will generate over $9,000,000 in revenue for
> the company.  You can and should be very proud of that.  The next
> step towards greatness is to design, plan and implement a strategy
> to continually increase revenue year-over-year through a good
> combination of organic growth and net new business.  Let me
> know what I can do to help you achieve your personal and
> professional goals".

See, 5/8/06 letter attached to this Complaint as Exhibit A.   Donnelley denies the

remaining allegations contained in Paragraph 10.

**ANSWER:**

Donnelley admits that the letter written by Mr. DeSantis' on May 8, 2006 is attached as

Exhibit A to Plaintiff's Complaint, and that the letter speaks for itself.

**ALLEGATION NO. 11:**

Throughout the remainder of 2006, Mr. Williams remained on track to write $11,000,000
in business for 2006, thus achieving the "organic growth" that Supervisor DeSantis referred to in
the May 8, 2006, letter attached to this Complaint as Exhibit A.

**ANSWER:**

Donnelley admits that the letter is attached to Plaintiff's Complaint as Exhibit A, but

denies the remaining allegations contained in Paragraph 11.

**ALLEGATION NO. 12:**

Also in the remainder of 2006, Mr. Williams earned a "new business" bonus, which was
one of the few new-business bonuses given to salespersons in his region, thus fulfilling the "net
new business" that Supervisor DeSantis referred to in the May 8, 2006, letter attached to this
Complaint as Exhibit A.

CHICAGO/#1721957.1

**ANSWER:**

Donnelley admits that Plaintiff was paid a "new application bonus" in 2006, and that the

letter is attached to Plaintiff's Complaint as Exhibit A. Donnelley denies the remaining

allegations contained in Paragraph 12.

**ALLEGATION NO. 13:**

Throughout Mr. Williams's approximately twenty-three years of employment with
defendant and its predecessor, Mr. Williams received compliments on his work from his
supervisors, his fellow employees, and his clients and generally met and/or exceeded defendant's
legitimate job-performance expectations.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 14:**

In the late Spring of 2006, Mr. Williams requested medical leave from defendant for
some treatment he needed.

**ANSWER:**

Donnelley admits that Plaintiff requested and was approved for FMLA leave from June 9,

2006 until July 7, 2007.  Donnelley denies the remaining allegations contained in Paragraph 14.

**ALLEGATION NO. 15:**

Defendant approved Mr. Williams's medical leave for June 9 through July 7, 2006.

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 16:**

Later, Mr. Williams requested and defendant approved a second medical leave for
August 11 through 25, 2006.

**ANSWER:**

Upon information and belief, Donnelley admits that Plaintiff requested and was approved for FMLA leave from August 10, 2006 until August 29, 2006. Donnelley denies the remaining allegations contained in Paragraph 16.

**ALLEGATION NO. 17:**

On September 22, 2006, Mr. Williams and Supervisor DeSantis had a joint out-of-the-office meeting scheduled with a client. Mr. Williams called Supervisor DeSantis early that morning and told him that his father, who had recently had surgery, was in severe distress and might need to be taken to the hospital that day. Mr. Williams asked Supervisor DeSantis if he could be excused from the client meeting to care for his father.

**ANSWER:**

Donnelley admits that Plaintiff and Mr. DeSantis had a joint out-of-the-office meeting scheduled for September 22, 2006. Donnelley further admits that Plaintiff returned Mr. DeSantis' call that morning, and told Mr. DeSantis that he would not attend the meeting. Donnelley denies the remaining allegations contained in Paragraph 17.

**ALLEGATION NO. 18:**

Rather than grant Mr. Williams's request to care for his father, Supervisor DeSantis terminated him on the spot, effectively immediately.

**ANSWER:**

Donnelley admits that Mr. DeSantis terminated Plaintiff on September 22, 2006. Donnelley denies the remaining allegations contained in Paragraph 18.

**ALLEGATION NO. 19:**

Two days before Mr. Williams had requested leave to care for his father (i.e., on September 20, 2006), Mr. Williams had had a meeting with Supervisor DeSantis and a human resources representative at which Supervisor DeSantis expressed concern about the medical problems that had led to Mr. Williams's FMLA leaves.

CHICAGO/#1721957.1

**ANSWER:**

Donnelley admits that on September 20, 2006, Plaintiff met with Mr. DeSantis and a human resources representative. Donnelley denies the remaining allegations contained in Paragraph 19.

**ALLEGATION NO. 20:**

Mr. Williams was compensated by defendant, among other ways, by commission and bonus.

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 21:**

Pursuant to and in reliance on defendant's promise to pay him commission and bonus, Mr. Williams made various sales for defendant.

**ANSWER:**

Donnelley admits Plaintiff's job responsibilities included making sales and that he made certain sales during the course of his employment. Donnelley is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 21.

**ALLEGATION NO. 22:**

At all times when Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois a statute called the Wage Payment and Collection Act [820 ILCS 115/1, et seq.].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 23:**

Also at all times for which Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois regulations of the Department of Labor under the Wage Payment and Collection Act [56 Ill. Admin. Code §300.440, et seq.], one of which [§300.510(a)] stated, in relevant part:

**"Section 300.510 Earned Commissions**

- 7 -

a)     Absent an express agreement to the contrary, an employee who is the procuring cause of a sale or other transaction is entitled to commission, notwithstanding the fact that the sale or other transaction was consummated by the principal personally or through another agent."

**ANSWER:**

Donnelley admits that the Regulations on the Illinois Wage Payment and Collection Act were in effect at all relevant times and speak for themselves.  Donnelley denies the remaining allegations contained in Paragraph 39.

**ALLEGATION NO. 24:**

Defendant has failed to pay Mr. Williams commissions and bonus due him by contract and/or under applicable doctrines of law.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 25:**

Mr. Williams has fulfilled all conditions precedent to bringing this action.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 26:**

This Court has jurisdiction under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)] and under §1331 of the Judicial Code [28 U.S.C. §1331] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 27:**

This cause of action arose in the Northern District of Illinois.  Venue is proper by §1391(b) of the Judicial Code [28 U.S.C. §1391(b)].

- 8 -

**ANSWER:**

Donnelley admits that venue is proper, but denies that it engaged in any wrongful conduct.

<u>**Count I - FMLA Retaliation and/or Interference**</u>

**ALLEGATION NO. 28:**

Mr. Williams realleges paragraphs 1 through 27 of this Complaint.

**ANSWER:**

Donnelley incorporate its answers to paragraphs 1-27 of the Complaint as its answer to Paragraph 28.

**ALLEGATION NO. 29:**

From May through September, 2006, among other times, defendant was an "employer" as defined in §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

**ANSWER:**

Donnelley admits that at all relevant times it was an "employer" as defined by the FMLA. Donnelley denies the remaining allegations contained in Paragraph 29.

**ALLEGATION NO. 30:**

From May 2006 through the termination of his employment by defendant, among other times, Mr. Williams was an "eligible employee" as defined in §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 31:**

The medical leaves requested by Mr. Williams and granted by defendant qualified as medical leaves under the FMLA.

CHICAGO/#1721957.1

**ANSWER:**

Upon information and belief, Donnelley admits that Plaintiff's approved leaves from June 9, 2006 until July 7, 2006, and August 10, 2006 through August 29, 2006, qualified as medical leaves under the FMLA. Donnelley denies the remaining allegations contained in Paragraph 31.

**ALLEGATION NO. 32:**

Mr. Williams's request to care for his father qualified as a request for leave under the Family and Medical Leave Act.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 33:**

Defendant, by firing Mr. Williams, retaliated against him and/or discriminated against him for his exercise of his rights under the Family and Medical Leave Act of 1993 and/or interfered with his exercise of those rights, all in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220].

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 34:**

As a proximate result of defendant's retaliation and/or interference, Mr. Williams lost wages, lost other compensation, lost benefits, and lost his job.

**ANSWER:**

Donnelley denies.

## Count II - Failure to Pay Commission and Bonus

**ALLEGATION NO. 35:**

Mr. Williams realleges paragraphs 1 through 27 of this Complaint.

- 10 -

**ANSWER:**

Donnelley incorporate its answers to paragraphs 1-27 of the Complaint as its answer to Paragraph 35.

**ALLEGATION NO. 36:**

At all times for which this Complaint seeks unpaid compensation, defendant was an "employer" within the definition of §2 of the Illinois Wage Payment and Collection Act [820 ILCS 115/2].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 37:**

When Mr. Williams worked for defendant, he was an "employee" of defendant's within the definition of §2 of the Illinois Wage Payment and Collection Act [820 ILCS 115/2].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 38:**

Defendant violated the Illinois Wage Payment and Collection Act, violated the Department of Labor "earned-commissions" regulation under that Act, violated other applicable doctrines of law, and/or breached its contract with Mr. Williams by failing to pay him the commission and bonus due him.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 39:**

At all times when Mr. Williams was employed by defendant, and continuing to the present, there was in full force and effect in the State of Illinois a statute called the Illinois Attorneys Fees in Wage Actions Act [705 ILCS §§ 225/0.01 et seq.], §1 of which stated, in relevant part:

> "Whenever a[n] ... employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action

was brought, for a sum not exceeding the amount so found due and
owing, then the court shall allow to the plaintiff a reasonable
attorney fee of not less than $10, in addition to the amount found
due and owing for wages, to be taxed as costs of the action."

[705 ILCS 225/1.]

**ANSWER:**

Donnelley admits that the Illinois Attorneys Fees in Wage Actions Act was in effect at all

relevant times and that it speaks for itself.  Donnelley denies the remaining allegations contained

in Paragraph 39.

**ALLEGATION NO. 40:**

Mr. Williams made a (discounted) demand for the amount due at least three days before
this action was brought and is therefore entitled to reasonable attorney's fees under the Illinois
Attorneys Fees in Wage Actions Act [705 ILCS §§225/0.01 et seq.] as part of the costs of this
action.  The demand letter is attached to this Complaint as Exhibit B, the Certificate of Mailing
for that demand letter is attached to this Complaint as Exhibit C, and the certified-mail receipt
for that demand letter is attached to this Complaint as Exhibit D.

**ANSWER:**

Donnelley admits that: Plaintiff made a demand on August 10, 2007; a copy of the letter

is attached as Exhibit B to Plaintiff's Complaint; a copy of the Certified Mail Receipt is attached

as Exhibit C to Plaintiff's Complaint; and the Return Receipt is attached as Exhibit D to

Plaintiff's Complaint.  Donnelley denies the remaining allegations contained in Paragraph 40.

**ALLEGATION NO. 41:**

At all times when Mr. Williams was employed by defendant, and continuing to the
present, there was in full force and effect in the State of Illinois a statute called the Illinois
Interest Act [815 ILCS 205/0.01, et seq.].

**ANSWER:**

Donnelley admits.

**ALLEGATION NO. 42:**

At all times when defendant employed Mr. Williams and continuing to the present, §2 of
the Illinois Interest Act stated, in relevant part:

- 12 -

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any ... other instrument of writing... and on money withheld by an unreasonable and vexatious delay of payment."

[815 ILCS 205/2.]

**ANSWER:**

Donnelley admits that the Illinois Interest Act was in effect at all relevant times and that

it speaks for itself.  Donnelley denies the remaining allegations contained in Paragraph 42.

**ALLEGATION NO. 43:**

The commission and/or bonus that defendant failed to pay Mr. Williams were due on an "instrument of writing" for purposes of §2 of the Interest Act.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 44:**

In the alternative, the commission and/or bonus that defendant failed to pay Mr. Williams were "withheld by an unreasonable and vexatious delay of payment" for purposes of §2 of the Interest Act.

**ANSWER:**

Donnelley denies.

**ALLEGATION NO. 45:**

Under the Interest Act, Mr. Williams is therefore entitled to pre-judgment interest on the commission and/or bonus that defendant failed to pay him.

**ANSWER:**

Donnelley denies.

## Count III – Accounting

**ALLEGATION NO. 46:**

Mr. Williams realleges ¶¶1-27 and ¶¶36-45 of this Complaint.

- 13 -

**ANSWER:**

Donnelley incorporate its answers to paragraphs 1-27 and 36-45 of the Complaint as its answer to Paragraph 46.

**ALLEGATION NO. 47:**

An accounting from defendant is needed to determine the exact amount of compensation due Mr. Williams.

**ANSWER:**

Donnelley denies.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff was ineligible for FMLA leave because he failed to give proper notice.

2.      Plaintiff was ineligible for FMLA leave because he was not an eligible employee insofar as he did not seek leave to care for a spouse, son, daughter or parent with a serious health condition.

3.      Plaintiff is barred from proceeding on his Illinois Interest Act claim because no instrument of writing existed between Plaintiff and Donnelley for purposes of that statute.

4.      Plaintiff's claims for compensation should be dismissed because he failed to meet the conditions precedent to earn any commissions or bonus he claims.

5.      The statute of limitations for claims under the Illinois Wage Payment and Collection Act bars Plaintiff from suing Donnelley for wages under that statute.

6.      Plaintiff's claims are barred to the extent he has failed to adequately mitigate his damages.

7.      Plaintiff's claims for liquidated damages and attorney's fees should be stricken insofar as the underlying claims do not allow for such recovery.

WHEREFORE, Plaintiff's Complaint should be dismissed with prejudice, with attorney's

- 14 -

fees and costs awarded to Donnelley.

Respectfully submitted,

R.R. Donnelley & Sons Company

By:  s/ Angela P. Obloy
                          One of Its Attorneys

Richard H. Schnadig, Bar No. 2495384
Angela P. Obloy, Bar No. 06272845
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated:  December 21, 2007

CHICAGO/#1721957.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL WILLIAMS,

        Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY, a
Delaware corporation,

        Defendant.

No. 07 C 6606

Judge Norgle

Magistrate Judge Denlow

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of Defendant's Answer to Complaint was served on:

> Dale A. Bernard
> The Bernard Law Firm
> 600 Crown Centre
> 5005 Rockside Road, Suite 600
> Cleveland, Ohio  44131

by ELECTRONIC MEANS this 21 day of December, 2007.


        s/  Angela P. Obloy