IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>       Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY, a Delaware corporation,<br><br>       Defendant. | No. 07 C 6606<br><br>Judge Norgle<br><br>Magistrate Judge Denlow |

**DEFENDANT'S MOTION TO COMPEL**

Defendant, R.R. Donnelley & Sons Company, by its attorneys and pursuant to Fed. R. Civ. Pro. 37, moves this Court to compel Plaintiff's authorization for release of his medical records. In support of its Motion, Defendant states as follows:

1. Plaintiff worked for Donnelley as a sales representative in its division responsible for custom printing of documents such as credit card statements, financial statements and W-2s. Plaintiff had a history of absenteeism, unreliability, and customer neglect, and he refused to meet Donnelley's job requirement that he generate new business, due (among other things) to his drinking prior, during and after work hours. On September 22, 2006, Donnelley terminated Plaintiff for poor performance after he failed to report to work (again) without an explanation.

2. On November 24, 2007, Plaintiff filed a three-count Complaint for: (1) FMLA retaliation/interference when Plaintiff allegedly requested leave to care for his father; (2) failure to pay commission and bonus in violation of the Illinois Wage Payment and Collection Act; and (3) for an accounting.

3. On June 13, 2008 Donnelley served Plaintiff with discovery requests, which included a request that he execute an Authorization and Release for Medical Records for the

period January 1, 1998 to the present. (See Interrogatory No. 12, attached as Exhibit A and a copy of the Authorization attached as Exhibit B.)

4. On August 29, 2008, after Plaintiff's repeated extensions, he responded to Donnelley's Interrogatories without including an executed Authorization. On September 2, 2008, Donnelley's counsel wrote Plaintiff's counsel and requested it. Plaintiff's counsel responded that day by objecting. (Copies of the e-mails in reverse chronological order are attached as Exhibit C.)

5. Counsel for the parties continued to exchange e-mails regarding this issue but were not able to reach an agreement. On September 10, 2008, Angela P. Obloy, counsel for Donnelley, and David Lee, counsel for Plaintiff, had a telephone conference at 11:00 a.m pursuant to Local Rule 12(k) and this Court's standing order. After this telephone consultation, subsequent e-mails between counsel, and good faith attempts to resolve differences, the parties are unable to reach an accord. (See e-mails attached as Exhibit C). Accordingly, Donnelley has complied with Local Rule 12(k) before filing this motion.

6. Plaintiff's position is that: his medical records are privileged; his medical records are irrelevant because he has not claimed emotional distress damages; Donnelley's request for records dating back 10 years is overbroad; and Donnelley cannot seek medical records to challenge the validity of Plaintiff's FMLA certification (which Donnelley is not trying to do because Plaintiff's certification for his own medical condition is not an issue in this case). (See Exhibit C.)

7. Rather than provide an executed Authorization, Plaintiff has agreed to request his own medical records for a limited period (from the date of his own FMLA leave on June 9, 2006 to the date he obtained his current job on October 8, 2007) and produce them to Donnelley, but

Plaintiff refuses to produce any medical records outside this scope or to otherwise execute the Authorization. (See Exhibit C.)

8. Donnelley does not agree with Plaintiff's position or proposed limitation but has agreed, in the interest of compromise, to limit its request to records dating back only five years, and to consider all of Plaintiff's medical records confidential pursuant to the Protective Order governing this case. (See Exhibit C.) Plaintiff will not agree.

9. Donnelley brings this motion because, for the following reasons, it is entitled to discovery that is broader than what is proposed by Plaintiff.

10. <u>First</u>, contrary to Plaintiff's position that Donnelley is not entitled to his medical records because they are privileged, there is no recognized physician-patient privilege. *Glen v. Potter*, 2005 U.S. Dist. LEXIS 27806, *3-4 (N.D. Ill. 2005) (A copy is attached as Exhibit D).

11. <u>Second</u>, a defendant may obtain discovery on any non-privileged matter that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Plaintiff's medical records are relevant because Plaintiff has placed his medical condition at issue in this lawsuit by claiming that he "did not seek employment immediately following [his] termination from Donnelley because the abrupt ending of [his] 23-year career there caused [him] extreme mental and emotional hardship, including reoccurrence of alcohol dependency and the onset of bipolar disorder, and made [him] mentally unable to seek employment until approximately March 2007" (See Plaintiff's Response to Interrogatory No. 9, attached as Exhibit E). Accordingly, contrary to Plaintiff's position, even though Plaintiff has not claimed emotional distress damages he has still injected his medical condition into this case. *EEOC v. Area Erectors, Inc*., 247 F.R.D. 549 (N.D. Ill. 2007).

12. <u>Third</u>, Plaintiff's medical records are further relevant and discoverable because they relate to Donnelley's defense that it terminated him for a legitimate, non-retaliatory reason - poor performance due, among other things, to his drinking prior, during and after work hours. Therefore, Donnelley is entitled to Plaintiff's medical records to properly defend against his claims. *Glen*, 2005 U.S. Dist. LEXIS 27806 at *3-4. Moreover, Donnelley's request for records dating back five years is reasonable in light of Plaintiff's *history* of poor performance.

13. The only cases cited by Plaintiff to support his position are *Smith v. Univ. of Chicago Hospitals*, No. 02 C 0221, 2003 WL 22757754 (N.D. Ill. 2003) (a copy is attached as Exhibit F) and *Sims v. Almeda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253 (N.D. Cal. 1998) (which is outside this jurisdiction) for the proposition that:

> "Had defendant believed that plaintiff did not suffer from a "serious medical condition" under the Family and Medical Leave Act, defendant could have received a second opinion on plaintiff's medical condition and, if necessary, an independent third and final medical opinion of plaintiff."

(See Plaintiff's Response to Document Request Nos. 10-11, attached as Exhibit G.) Plaintiff's lawsuit does not claim, however, that Donnelley interfered with his FMLA leave, nor does Donnelley seek Plaintiff's medical records to challenge Plaintiff's own medical condition for FMLA leave entitlement like the employers did in *Smith* and *Sims*. Consequently, *Smith* and *Sims* (which does not address discovery at all, for that matter) are inapposite and this argument is irrelevant.

14. Plaintiff has provided no authority to support his position that he must be the gatekeeper who requests and produces his medical records at his own discretion. In fact, in light of the way Plaintiff has responded to discovery to date, Donnelley cannot wait for him to subpoena and produce these records because there is a discovery deadline in this case of December 31, 2008. (For example, Plaintiff needed over 70 days and repeated prodding to

CHICAGO/#1846510.1                                          4

respond to routine discovery requests; he made entering a routine protective order unnecessarily tedious, and now he is delaying Donnelley's discovery of relevant information.)

15. In sum, Donnelley has be patient and its position is reasonable. Donnelley is entitled to discover Plaintiff's medical records and should not be subject to Plaintiff's schedule and discretion in producing them. Moreover, despite that Donnelley does not agree with Plaintiff's position, in the interest of compromise Donnelley has agreed to narrow its requests to the period dating back five years, and to treat Plaintiff's medical records as confidential pursuant to the Protective Order governing this case. Plaintiff should be required to produce the Authorization.

WHEREFORE, Defendant, R.R. Donnelley & Sons Company, respectfully requests that the Court compel Plaintiff's executed Authorization and Release for Medical Records, and for any other relief that the Court deems proper.

       Respectfully submitted,

       R.R. Donnelley & Sons Company


       By: s/ Angela P. Obloy
             One of Its Attorneys

Richard H. Schnadig, Bar No. 2495384
Angela P. Obloy, Bar No. 06272845
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500

Dated: September 16, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY, a Delaware corporation,<br><br>    Defendant. | No. 07 C 6606<br><br>Judge Norgle<br><br>Magistrate Judge Denlow |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant's Motion to Compel was served on:

> David L. Lee, Esq.
> Law Offices of David L. Lee
> 53 West Jackson Boulevard
> Suite 660
> Chicago, IL 60604-3607

by ELECTRONIC MEANS on September 16, 2008.

                                            s/ Angela P. Obloy