# Exhibit C

Case 1:07-cv-06606    Document 16-4    Filed 09/16/2008    Page 1 of 10

| | |
|---|---|
| From: | ANGELA OBLOY |
| To: | David Lee |
| CC: | RICHARD SCHNADIG |
| Date: | 9/15/2008 3:47 PM |
| Subject: | Re: Williams v. RR Donnelley discovery issues |

David,

Both of the cases you cited, <u>Smith</u> and <u>Sims</u> (which is outside this jurisdiction), involve the employer's challenge to the employee's FMLA leave entitlement. Specifically, the employers in both cases choose not to seek a subsequent medical opinion regarding the employee's FMLA medical certification, and the court considered whether they could later properly challenge certification as part of a civil suit. There is no such issue here.

Specifically, the language you cite from <u>Smith</u> refers to the employer's attempt to seek medical records for the sole purpose of questioning the validity of her claim to a serious health condition. Here, Donnelley does not seek medical records in order to question any claim by Plaintiff that he had a serious health condition because Plaintiff's FMLA leave designation is not at issue in this case. Therefore, Smith (and <u>Sims</u>, which does not address discovery issues at all, for that matter) are inapposite.

We will file our motion to compel tomorrow.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 9/15/2008 11:42 AM >>>
Angela,

As I wrote you earlier, I totally disagree with your legal position. If you want some authority, see Smith v. University of Chicago Hospitals 2003 WL 22757754 at *7 (N.D.Ill. 2003) (Lefkow, J):

"Defendants admit that UCH obtained medical certification of Smith's health condition pursuant to the procedures specified in the FMLA, 29 U.S.C. § 2613(a), and officially designated Smith's leave of absence as FMLA leave for a serious health condition. Defendants also admit that they have no knowledge that Smith's leave of absence was wrongful. Based on these admissions, on September 26, 2002, Smith moved for a protective order to prevent discovery of her confidential communications with her licensed psychotherapists, physicians, counselors, social workers, and other licensed health care practitioners. Smith argued that any further inquiry into her confidential medical records would be improper under section 2613 of the FMLA, which provides the procedures for an employer to contest the validity of an employee's claim to a serious health condition. Smith also argued that discovery of her confidential communications with health care providers would violate her physician-patient privilege. On October 22, 2002, this court granted Smith's motion for a protective order."

See also, Sims v. Alameda-Contra Costa Transit District, 2 F. Supp.2d 1253 (N.D. Ca. 1998).

Nevertheless, I am willing to compromise as indicated in my prior e-mail. Please explain why that compromise is, in your view, insufficient.

David

----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Cc: "RICHARD SCHNADIG" <rschnadig@vedderprice.com>
Sent: Monday, September 15, 2008 11:22 AM
Subject: Re: Williams v. RR Donnelley discovery issues

David,

For the reasons stated in my September 10, 2008 e-mail (and our preceding correspondence), we are entitled to broader discovery than your proposed compromise.

If your concern is that you do not want to somehow waive Plaintiff's ability to designate his medical records as confidential by providing an authorization, we would agree to designate as confidential all medical records.

If you agree, please send the authorization today. If not, we will file our motion to compel tomorrow and set it for hearing on Friday at 9:30 a.m.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 9/12/2008 3:06 PM >>>
Dear Angela,

In response to your e-mail of 9/10, I don't agree with your legal position.

Nevertheless, in the spirit of discovery compromise and to concentrate on the merits rather than discovery issues, I propose that I obtain and produce to you all of Mr. Williams's medical records from the date of his first FMLA leave alleged in the Complaint (June 9, 2006) to the date that he obtained his current job with National Data Services (October 8, 2007). I will not withhold any such medical records between those two dates on any grounds. This should meet all your legitimate concerns (not that I agree that those concerns are legitimate, you understand).

I object to providing an authorization as an end-run around the Protective Order, which permits me to designate Mr. Williams's medical records as "confidential" by placing such a legend on the documents, and because of HIPAA concerns.

Please let me know if my proposed compromise is acceptable to you and, if not, what precisely you have problems with.

Also, I've attached Mr. Williams's verification of his Interrogatory Answers in Adobe Acrobat (.pdf) format.

David

CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.

From:    ANGELA OBLOY
To:    David Lee
Date:    9/5/2008 5:01 PM
Subject:    Re: Williams v. RR Donnelley discovery

David,

I will call you on Wednesday at 11:00.  Thank you.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 9/5/2008 4:29 PM >>>
Angela,

I am scheduled for an in-hospital medical procedure on Monday.  Tthe
earliest I will be able to have a telephone conference on this Wednesday
9/10.  I'm available any time that day from 10:30 am to 2:30 p.m.

If Wednesday is no good, I'm available Thursday 9/11 from 3:30 pm to 5:00 pm
or Friday 9/12 from noon to 3:00 p.m.

Please let me know.

David


David
----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Sent: Thursday, September 04, 2008 5:32 PM
Subject: Re: Williams v. RR Donnelley discovery



David,

Contrary to your position, a defendant can get discovery on any
non-privileged matter that is relevant to the claim or defense of any party.
Fed. R. Civ. P. 26(b)(1).  Again, Plaintiff's medical records are relevant
to Donnelley's legitimate, non-retaliatory reason for terminating
Plaintiff - poor performance due, among other things, to his drinking prior,
during and after work hours.

If you still refuse to produce the release, please provide me with available
times for a telephone call, per Judge Norgle's standing order, so that we
may confer prior to my filing a motion to compel.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600

Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 9/3/2008 5:21 PM >>>
As the pleadings stand, the Complaint does not pray for emotional-distress damages. (As a professional courtesy, however, I'd really appreciate your sending me the case you referred to!)

Please note that Donnelley's alleged legitimate non-retaliatory business reason for terminating Mr. Williams's employment is not MR. WILLIAMS putting his medical condition into controversy; it is DONNELLEY putting Mr. Williams's medical condition into controversy. A defendant can't get confidential and personal medical records simply by claiming that those records might go to some defense it alleges it has.

I will be out of the office tomorrow and possibly Friday for a mediation, and I am having a medical procedure done in a hospital on Monday. Therefore, depending on my recovery from the medical procedure, I may not be able to respond to any further communications until Tuesday or Wednesday of next week.

David

----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Sent: Wednesday, September 03, 2008 4:37 PM
Subject: Re: Williams v. RR Donnelley discovery



David,

At least one court in the N.D. of Illinois would disagree with your statement that the FMLA does not provide for compensatory damages. In addition, to the extent that you attempt to introduce evidence of Plaintiff's alleged emotional conditions as a reason for his failure to mitigate his damages (like you suggest in Plaintiff's interrogatory answers), we are entitled to discovery.

In addition, you have not addressed the point in my earlier e-mail that Donnelley needs Plaintiff's medical records to corroborate its legitimate, non-retaliatory reason for terminating him - poor performance due, among other things, to his drinking prior, during and after work hours. Given Plaintiff's history of performance problems, a request for 10 years of medical records is reasonable. However, in an effort to expedite our request, we are willing to narrow our request to the past five years (1/1/03-present).

We do not intend to withdraw our request. Let me know if I need to file a motion to compel.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541

FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 9/3/2008 3:35 PM >>>
Angela,

Thank you for the explanation below. Apparently, your request for a medical release was based on a misconception of the damages sought by the Complaint. The Complaint is in three counts, and none of those three counts prayed for emotional-distress damages, because the substantive law on each of those three counts does not provide for the recovery of such damages: Count I is for FMLA retaliation and/or interference. The FMLA does not provide for general compensatory damages, and, therefore, Count I does not pray for emotional-distress damages. Similarly, on Count II (for commissions) and on Count III (for an accounting), the substantive law does not provide for the recovery of emotional-distress damages, so neither of those counts prays for emotional-distress damages, either.

Now that that misconception has been cleared up, will you be withdrawing your request for an authorization?

Also, I disagree with your interpretation of HIPAA.

Finally, you have not told me why you think records back to January 1, 1998, are relevant.

I look forward to hearing from you.

David

----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Cc: "RICHARD SCHNADIG" <rschnadig@vedderprice.com>
Sent: Wednesday, September 03, 2008 1:39 PM
Subject: Re: Williams v. RR Donnelley discovery



David,

We are entitled to Plaintiff's past medical records because he has put his mental and physical state in issue by seeking damages for emotional distress, and by claiming that Donnelley's decision to terminate him caused bipolar disorder. We are also entitled to his medical history because it may corroborate Donnelley's legitimate, non-retaliatory reason for terminating him - poor performance due, among other things, to his drinking prior, during and after work hours. Accordingly, it is reasonable for Donnelley to request past medical records in order to discover relevant information about whether Plaintiff had emotional distress issues and bipolar disorder prior to the termination, and to the extent it relates to Plaintiff's history of poor job performance.

Please note that under HIPAA, we could demand Plaintiff's medical records even without his authorization.

Do you intend to send us the authorization?


Angela P. Obloy, Esq.

Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


\>\>\> "David Lee" <davidlleelaw@att.net> 9/2/2008 3:31 PM >>>
On what theory do you need the release to go back to 1/1/98?

David

----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Sent: Tuesday, September 02, 2008 2:56 PM
Subject: Re: Williams v. RR Donnelley discovery



David,

We are entitled to Plaintiff's medical records for, inter alia, damages
purposes. In addition, you have identified Plaintiff's treating physician
as a witness to testify about Plaintiff's mental, emotional and physical
condition. Please reconsider. If not, we will move to compel.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


\>\>\> "David Lee" <davidlleelaw@att.net> 9/2/2008 2:52 PM >>>
Angela,

Thank you for sending the word-processing version of the document request.
I appreciate the courtesy.

We are objecting to signing a medical release for the reasons stated in the
objection to Interrogatory 12.

David
----- Original Message -----
From: "ANGELA OBLOY" <aobloy@vedderprice.com>
To: "David Lee" <davidlleelaw@att.net>
Cc: "RICHARD SCHNADIG" <rschnadig@vedderprice.com>
Sent: Tuesday, September 02, 2008 9:08 AM
Subject: Re: Williams v. RR Donnelley discovery



David,

Please provide Plaintiff's executed Authorization for Release of Medical Records. I need it by tomorrow.

Attached is a Word version of Defendant's Request for Documents. Please provide your response no later than Friday morning.

We will produce our initial disclosure documents this week.

Angela P. Obloy, Esq.
Vedder Price P.C.
222 N. LaSalle Street
Suite 2600
Chicago, Illinois 60601
312.609.7541
FAX: 312.609.5005
email: aobloy@vedderprice.com
Firm website: www.vedderprice.com


>>> "David Lee" <davidlleelaw@att.net> 8/29/2008 6:47 PM >>>
Dear Angela,

Attached please find Mike Williams's Answers to Interrogatories. As always, I appreciate your courtesy.

These Answers are being served on you by e-mail in Adobe Acrobat, as permitted by our Rule 26 Report, entered as an Order by Judge Norgle. Pursuant to the Rule 26 Report, please acknowledge receipt.

Mr. Williams's verification will follow.

All of Mr. Williams's documents were produced months ago, in connection with our Initial Disclosures. Nevertheless, if you want a formal Response to your Document Request, I will be happy to send you one. (If you do want a formal Response, I would appreciate receiving a word-processing version of your Document Request. Of course, I'd be happy to return the courtesy when you're responding to my discovery.)

When may I expect to receive your documents pursuant to your Initial Disclosures?

David



CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.



CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii)

promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.

CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.

CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.

CIRCULAR 230 NOTICE:
Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.