# Exhibit D

LEXSEE 2005 U.S. DIST. LEXIS 27806


Analysis
As of: Sep 16, 2008

ROCHELLE A. GLEN, Plaintiff, v. JOHN E. POTTER, Postmaster General of the
United States, Defendant.

Case No. 04 C 7237

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2005 U.S. Dist. LEXIS 27806

November 10, 2005, Decided
November 10, 2005, Filed

**SUBSEQUENT HISTORY:** Summary judgment granted by *Glen v. Potter, 2006 U.S. Dist. LEXIS 66383 (N.D. Ill., Aug. 30, 2006)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff individual sued defendant, Postmaster General, for conduct arising during the individual's employment with the United States Postal Service and alleged sexual harassment, disability discrimination, and retaliation. Defendant moved to compel plaintiff to authorize the release of her medical records on the grounds that they were a necessary and central component of discovery.

**OVERVIEW:** The individual claimed that the alleged harassment also caused her to develop a stress-related disability. The individual claimed the Postal Service was aware of her disability and failed to offer her any reasonable accommodations. Defendant moved to compel the individual to authorize the release of her medical records on the grounds that they were a necessary and central component of discovery. Defendant denied that the individual was disabled, and denied that any stress-related condition was linked to defendant's conduct. Defendant contended that to properly defend the alleged harassment claim, access to the plaintiff's records were necessary to determine: (1) if the claim was true, (2) what other medical problems may have caused or contributed to the alleged condition, and (3) the extent of the condition. The trial court granted the motion to compel and held that ADA plaintiffs, like all plaintiffs in an action for medical malpractice, waived all privileges and privacy interests related to their claim by virtue of filing the complaint, and the Health Insurance Portability and Accountability Act did not create a federal physician-patient privilege.

**OUTCOME:** The motion to compel was granted.

**LexisNexis(R) Headnotes**

*Evidence > Privileges > Doctor-Patient Privilege > Exceptions*
*Labor & Employment Law > Discrimination > Disability Discrimination > Proof > Burdens of Proof > General Overview*
[HN1] ADA plaintiffs, like all plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint. A plaintiff cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those claims.

*Evidence > Privileges > Doctor-Patient Privilege*
[HN2] The Health Insurance Portability and Accountability Act (HIPAA) does not create a federal physician-patient privilege. The HIPAA regulations create a purely procedural method for obtaining health information. The

HIPAA regulations create a purely procedural method for obtaining health information.

**COUNSEL:** [*1] For Rochelle A Glen, Plaintiff: Nancy Fredman Krent, Hodges, Loizzi, Eisenhammer, Rodick & Kohn, Arlington Heights, IL.

For John W Potter, Defendant: Ann L. Wallace, United States Attorney's Office, NDIL, Chicago, IL; United States Attorney's Office, Chicago, IL.

**JUDGES:** Judge John W. Darrah.

**OPINION BY:** JOHN W. DARRAH

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rochelle Glen, filed suit against Defendant, John E. Potter as Postmaster General, for conduct arising during Glen's employment with the United States Postal Service. Count I alleges sexual harassment. Count II alleges disability discrimination, and Count III alleges retaliation. Presently before the Court is Defendant's Motion to Compel Production of Plaintiff's Medical Records.

Plaintiff was an employee of the United States Postal Service from 1997 until 2000. In 1998, the Plaintiff was assigned to Ravenswood Post Office where Gayle Campbell became the station manager. Plaintiff alleges that Campbell engaged in a pattern of sexual harassment directed toward her until she was reassigned to another station.

Plaintiff complained to postal service officials, including Mr. Brooker, about the harassment. As a result of her [*2] complaints, she was subject to retaliation that continued through her tenure with the Post Office. The alleged harassment also caused Plaintiff to develop a stress-related disability.

Plaintiff put the Postal Service on notice of the disability, by filing a request for worker's compensation, which was denied. The Postal Service was aware of her disability and failed to offer her any reasonable accommodations. Plaintiff filed complaints against the Postal Service, alleging sexual harassment, discrimination on the basis of age and disability, and retaliation. Subsequent to her complaints, her employment was terminated in 2000.

Defendant moves to compel the Plaintiff to authorize the release of her medical records on the grounds that they are a necessary and central component of discovery. The Defendant denies that the Plaintiff is disabled within the meaning of the Rehabilitation Act and denies that any stress-related condition is linked to the Defendant's conduct. Defendant contends that to properly defend the alleged harassment claim, access to the plaintiff's records are necessary to determine: (1) if the claim is true, (2) what other medical problems may have caused or contributed [*3] to the alleged condition, and (3) the extent of the condition.

Defendant argues that the Plaintiff has waived any claim of privilege or privacy protection by putting the medical condition at issue.[HN1] "ADA plaintiffs, like all plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint." *Patterson v. Chicago Assoc. for Retarded Children, 1997 U.S. Dist. LEXIS 8339, 1997 WL 323575 (N.D. Ill. 1997).* "A plaintiff cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those claims." *Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D. Ill. 1999);* see also *Sarko v. Penn-Del Directory Company, 170 F.R.D. 127 (E.D. Penn. 1997)* (plaintiff waived privilege by claiming she was disabled under ADA for clinical depression).

Plaintiff argues that the discovery request for all medical records is overly invasive to her privacy and contrary to the Health Insurance Portability and Accountability Act ("HIPAA"). However,[HN2] the HIPAA does not create a federal physician-patient privilege. The HIPAA [*4] regulations create a purely procedural method for obtaining health information. See *Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 925-926 (7th Cir. 2004).*

In this instance, all her medical records are relevant to defending the Plaintiff's claim, and the Defendant is entitled to the production of the Plaintiff's medical records.

For the foregoing reasons, Defendant's motion to compel is granted.

Dated: 11-10-05

JOHN W. DARRAH

United States District Judge