# Exhibit E

# In the United States District Court
# For the Northern District of Illinois
# Eastern Division

| | |
|---|---|
| Michael Williams, <br><br> Plaintiff, <br><br> v. <br><br> R.R. Donnelley & Sons company, a Delaware corporation, <br><br> Defendant. | **No. 07 C 6606** <br><br> Judge Norgle <br><br> Magistrate Judge Denlow |

## Plaintiff's Answers and Objections to Defendant's Interrogatories

1. Identify each person who assisted you in answering these Interrogatories and related Document Requests and specify to which Interrogatory and its subpart and/or Document Request that person provided assistance or input.

    **Answer:** My attorney (David L. Lee) and Attorney Lee's employees assisted me.

    **Objection:** Plaintiff objects to specifying those Interrogatory and subparts and/or Document Requests as to which Attorney Lee and his employees provided assistance or input on grounds of attorney/client privilege.

2. Identify each and every individuals who you believe has knowledge of the facts underlying this cause of action, including all individuals with knowledge relating to the allegations contained in your complaint, and for each such individuals state: a) his first and last name, address, and telephone number; b) Whether he was or is an employee of Donnelley, and if not, his relationship to you; c) the specific facts of subject matter of which the individual has knowledge; and d) the identity of any documents which related to the person's information or knowledge, including any written statements.

    **Answer:** See Plaintiff's 26(a)(1) Initial Disclosures. In addition to those persons listed in Plaintiff's Initial Disclosures, my parents

(Ray and Barbara Williams, 1225 Pam-Anne Drive, Glenview IL 60025) and my father's physician can testify to my father's serious medical condition that prompted my request for emergency medical leave on September 22, 2006. My physician, Dr. Robert Wolf (9700 N Kenton Ave in Skokie, IL 60076; 847-677-8577) can testify to the mental, emotional, and physical hardship R.R. Donnelley caused me by firing me after 23 years with the company.

3. Identify all persons with who you have discussed your Complaint allegations and, for each person, please state the following: 2) Full name, last known home and business address and telephone numbers, and relationship to you; b) when and where the discussion(s) took place; c) the sum and substance of the discussion(s); and d) the identity of any documents which relate to the discussion(s), including any written statements.

**Answer:** See my 26(a)(1) Initial Disclosures. In addition, I have discussed the Complaint allegations with my wife, with my parents, Ray and Barbara Williams who reside at the address listed in Interrogatory 2, and with my physician, Dr. Robert Wolf, whose contact information is listed in the Answer to Interrogatory 2. My discussions with my parents generally told them about how Donnelley treated me; I don't remember any particular details of those conversations with my parents.

**Objection:** Plaintiff objects to stating the sum and substance of the discussions with his wife and with his physician on the grounds of the husband/wife and physician/patient privileges.

4. Have you ever been a party to a lawsuit or judicial proceeding, whether a

-2-

civil, criminal or administrative? If yes, state: a) the name of each party; b) the caption and case number of the action; c) the nature of the action; and d) the disposition of the action.

**Answer:** Only some routine traffic violations (of which I don't remember the details) and the beginning stages of divorce proceedings between my wife and me, which was dismissed because we reconciled.

5. Have you applied for employment of any kind since September 22, 2006? If so, for each such application please state: a) the full name, business address, and telephone number of the prospective employer and the date of the application; b) the job title of nature of the work applied for; c) whether you placed any restrictions on the hours or days you were available to work, withdrew your application, failed to complete any portion of the application process, or otherwise indicated that you were no longer interested in the position; d) whether you received a response and, if so, the date and substance of such response; e) whether you received an interview and, if so, the name of the person(s) whom conducted the interview; f) whether you rejected an offer of employment or otherwise discontinued the application process; and g) the identity of all documents relating to or referring to each application for employment or to matters referred to in your answers to this Interrogatory and identify the custodian of each document.

**Answer:** In late 2006 and/or early 2007, I applied for the position of Sales Account Executive with Microdynamics, Incorporated at 1400 Shore Road; Naperville, IL 60563; (630) 527-8400. In July 2007, I applied for the position of Sales Account Executive with National Data Services at 620 Stetson Ave.; St. Charles, IL 60174; (630) 845-7000. For the other information requested, see Answer to Interrogatory 6.

6. Have you been employed since September 22, 2006? If yes, state for each employer: a) the name, address and telephone number of the employer and the dates of your employment; b) your title or position and the nature of your job

duties; c) your salary or wage rate, and your total earnings for each year, or part thereof, your worked for the employer; d) whether you placed any restrictions on the hours or days you are or were available to work; e) the reason such employment terminated, if applicable; and f) the identity of all documents relating to or referring to such employment or to matters referred to in your answer to this Interrogatory and identify the custodian of each document.

**Answer:** I was a Sales Account Executive at Microdynamics, Incorporated at 1400 Shore Road; Naperville, IL 60563; (630) 527-8400. Tom Harter, Jr. interviewed and hired me for the position. I did not have any work restrictions. My annual salary with Microdynamics was $110,000. My 2007 W-2 earnings with Microdynamics was $2,115.36. I was employed with Microdynamics from April 2, 2007 through April 6, 2007, when I voluntarily resigned to voluntarily check myself into a rehabilitation clinic.

In July 2007, I began discussing employment opportunities with the President of National Data Services, Mark Peterson, and - after President Peterson told me R.R. Donnelley had sent him a warning letter and my termination letter - he hired me. I began with National Data Services on October 8, 2007, and my annual salary is $80,000 plus commissions. My 2007 W-2 earnings totaled $18,123.12. I still work for National Data Services as a Sales Account Executive, and I have never had any work restrictions.

7. Have you been self-employed at any time since September 22, 2006? If so, please provide the following information: a) the nature of the self-employment; b) the business name, if any, under which you operated; c) the dates during which

you were self-employed; d) the approximate number of hours you devoted each week; e) your gross revenues and net earnings each year, or part thereof, as a result of such self-employment; and f) the identity of all documents relating to or referring to such self-employment or to matters referred to in your answer to this Interrogatory.

**Answer:** No.

8. Have you been hospitalized or otherwise unable to work at any time since September 22, 2006? If so, please state for each such period: a) the dates you were hospitalized or otherwise unable to work; b) the reason you were hospitalized or otherwise unable to work; c) the full names, business addresses, and telephone numbers of the hospitals and treating physicians, if any; and d) the identity of all documents relating to or referring to such period or to matters referred to in your answer to this Interrogatory and identify the custodian of each such document.

**Answer:**

| | |
|---|---|
| October 2006: | hospitalized for alcohol detox at Holy Family Hospital in DesPlaines, IL; |
| January 2007: | hospitalized for pancreatitis at Condell Medical Center in Libertyville, IL; |
| April 10-30, 2007: | hospitalized for alcohol rehabilitation at Rosecrance in Rockford, IL; |
| May 9-11, 2007: | hospitalized for pancreatitis at ENH in Glenview, IL; |
| May 12-14, 2007: | hospitalized for pancreatitis at Condell Medical Center in Libertyville, IL; |
| May 17-19, 2007: | hospitalized for pancreatitis at ENH in Glenview, IL; |
| July 7-9, 2007: | hospitalized for pancreatitis at ENH in Glenview, IL; |
| Sept. 5-7, 2007: | hospitalized for pancreatitis at ENH in Glenview, IL; |
| October 1-3, 2007: | hospitalized for pancreatitis at ENH in Glenview, IL; |
| Dec. 13-15, 2007 | hospitalized for pancreatitis at ENH in Glenview, IL; |
| May 23-25, 2008: | hospitalized for pancreatitis at ENH in Glenview, IL; |

  May 27-June 2, 2008:  hospitalized for pancreatitis at ENH in Glenview, IL;

Dr. Robert Wolf was the treating doctor for all the above hospitalizations. His contact information is in the Answer to Interrogatory 2.

9.  Were there any periods of time since September 22, 2006 during which you did not seek employment? If so, for each such period provide the following information: a) specify the period of time during which you did not seek employment b) state the reason you did not seek employment during each such period; and c) identify each and every document relating to your failure to seek employment during such period.

  **Answer:**  I did not seek employment immediately following my termination from R.R. Donnelley, because the abrupt ending of my 23-year career there caused me extreme mental and emotional hardship, including a reoccurrence of alcohol dependency and the onset of bipolar disorder, and made me mentally unable to seek employment until approximately March 2007. I was again unable to seek employment from April 2007 until July 2007 because of another reoccurrence of alcohol dependency and intermittent episodes of pancreatitis.

10.  State the total amount of unemployment insurance benefits you have received since September 22, 2006, and the period(s) for which those benefits were paid.

  **Objection**:  Plaintiff objects to stating the amount of unemployment received as not reasonably calculated to lead to the discovery of admissible evidence because unemployment is a collateral source and not an offset to defendant's potential backpay liability. Without

-6-

waiving this objection, plaintiff states:

**Answer:** I received unemployment insurance benefits of $1,425 in 2006 and of $4,980 in 2007.

11. Set forth your calculations as to any damages and any other relief to which you believe you are entitled and for which you seek redress by this lawsuit, describing separately your calculations for each element of damages and other relief.

**Answer:** See my Initial Disclosures. In addition, from October 2006 through December 2007, I paid an additional $350 per month for COBRA over what I had been paying for my health insurance while employed with R.R. Donnelley.

12. List all health care workers, including but not limited to, physicians, surgeons, physical therapists, chiropractors, psychiatrists, psychologists, or other mental or physical health workers or nurses, who examined and/or treated you from January 1, 1998 until the present and for each person please complete and sign the Authorization for Release of Medical Information, attached hereto, and state the following: a) the full name, business address and telephone number of each person for whom you received such counseling or other treatment; b) the reason or reasons why you sought such counseling or other treatment; c) the date or dates when you visited him or her and whether you have another scheduled appointment; and d) describe the diagnosis made and treatment prescribed or rendered, if any, including the name and dosage or any prescribed medications.

**Objection:** Plaintiff objects to this Interrogatory as not reasonably calculated to lead to the discovery of admissible evidence in that defendant admitted in its Answer to the Complaint that it approved plaintiff's requests for Family and Medical Leave (see, Answer [doc. #7] at ¶¶15, 16), so plaintiff's medical condition is not at issue in this case. Had defendant believed that plaintiff did not suffer from a "serious medical condition" under the Family and Medical

-7-

Leave Act, defendant could have received a second opinion on plaintiff's medical condition and, if necessary, an independent third and final medical opinion of plaintiff. See, Family and Medical Leave Act §103(c), (d) codified at 29 U.S.C. §2613(c), (d). In addition, plaintiff objects to the time-frame of this Interrogatory(1998 to the present) as not reasonably calculated to lead to the discovery of admissible evidence and as harassing.

13. For each individual whom you expect to call as an expert witness at trial, please state: a: his or her full name, business address and telephone number, occupation, field of specialization, and qualifications within the field in which he or she is expected to testify; b) the opinions he or she is expected to express, the basis and reasons therefore, and the information considered by the witness in forming these opinions; c) the names of all professional organizations or associations in which the expert is or was a member and the dates of his or her membership and offices held, if any, in each organization and association; d) the qualifications of the witness, including the full titles of all publications and scholarly writings (whether published or not) authored in whole or in part by the expert, including citations; e) the compensation to be paid for the witnesses work in connection with this matter, including the hourly rate or rates charged, if any; and f) the full citation, including name, case number and court or other tribunal, for each court action, administrative hearing, or investigation with respect to which the expert has been deposed, given testimony, or prepared analyses or a report within the past four years.

**Answer:** None yet.

As to the above objections:

_____
David L. Lee
Attorney for Complainant

**Verification**
Under penalties of perjury as provided by the Laws of the United States I certify that the foregoing Answers to Interrogatories are true.

-8-

| | |
|---|---|
| Michael Williams | Date |

**Proof of service**: David L. Lee, an attorney, certifies that he served these Answers and Objections to Interrogatories on August 29, 2008, by e-mailing an Adobe Acrobat version of the same to defendant's attorney Angela P. Obloy, at aobloy@vedderprice.com, as permitted pursuant to ¶3c of the Rule 26 Report entered by Judge Norgle.

*/s/ David L. Lee*
David L. Lee