# Exhibit G

*In the United States District Court*
*For the Northern District of Illinois*
*Eastern Division*

| Michael Williams, | |
|---|---|
| Plaintiff, | **No. 07 C 6606** |
| v. | Judge Norgle |
| R.R. Donnelley & Sons company, a Delaware corporation, | Magistrate Judge Denlow |
| Defendant. | |

## Plaintiff's Responses to Defendant's Document Request

**Request No. 1:**

All documents you received from Donnelley or its predecessors (or any of its employees or agents) in connection with your employment, including but not limited to employee handbooks, job descriptions, assignment sheets, evaluations, disciplinary actions, termination notices, and documents related to any leave of absence.

> **Objection**: Plaintiff objects to this Request as overbroad, in that plaintiff worked for "Donnelley or its predecsssors" for approximately 23 years (admitted, Answer [doc. #7] at ¶4), but the FMLA retaliation for which plaintiff sues occurred only from June to September 2006. Plaintiff also objects to this Request as vague and overbroad, in that documents "in connection with your employment" could include invitations to co-workers' birthday parties, driving directions, parking-lot assignments, etc., none of which are reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows:
>
> **Answer**: All such documents have been produced with plaintiff's Initial Disclosures.

**Request No. 2:**

All documents you sent to any employee or manager of Donnelley or its predecessors related to your employment including but not limited to any complaints, grievances, rebuttals to disciplinary actions, promotion requests, transfer requests, training requests, leave of absence requests or any other requests.

> **Objection**: Plaintiff objects to this Request as overbroad, in that plaintiff worked for "Donnelley or its predecsssors" for approximately 23 years

>>(admitted, Answer [doc. #7] at ¶4), but the FMLA retaliation for which plaintiff sues occurred only from June to September 2006. Plaintiff also objects to this Request as vague and overbroad, in that documents "related to your employment" could include invitations to co-workers' birthday parties, driving directions, parking-lot assignments, etc., none of which are reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows:
>
>> **Answer**: All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 3:

All documents containing statements of witnesses to any event which relates to your allegations.

>> **Answer**: Plaintiff has no such documents in his possession, custody, or control.

Request No. 4:

All documents (including but not limited to photocopies) you removed from Company premises.

>> **Objection**: Plaintiff objects to this Request as vague, in that it is unclear what is meant by the phrase "removed from Company premises". For example, if plaintiff took home the copy of his annual performance evaluation that defendant gave him for his own records, did plaintiff "remove [his copy of the annual performance evaluation] from Company premises" within the meaning of this Request?

Request No. 5:

All calendars, notebooks, journals, diaries and other documents in which you made any notations concerning your employment with Donnelley or its predecessors, or any claims you have asserted against Donnelley.

>> **Objection**: Plaintiff objects to this Request as overbroad, in that plaintiff worked for "Donnelley or its predecsssors" for approximately 23 years (admitted, Answer [doc. #7] at ¶4), but the FMLA retaliation for which plaintiff sues occurred only from June to September 2006. Plaintiff also objects to this Request as vague and overbroad, in that documents "concerning your employment" could include invitations to co-workers' birthday parties, driving directions, parking-lot

assignments, etc., none of which are reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows:

**Answer**: All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 6:

All documents relating to your allegation that Donnelley discriminated or retaliated against you or otherwise interfered with your rights under the FMLA.

**Objection:** Plaintiff objects to this request as not describing the items requested "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b) and as amounting to little more than a request to "turn over all your documents". Without waiving this objection, Plaintiff responds as follows:

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 7:

All documents relating to your allegation that you are entitled to any unpaid commission or bonus.

**Objection:** Plaintiff objects to this request as not describing the items requested "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b) and as amounting to little more than a request to "turn over all your documents". Without waiving this objection, Plaintiff responds as follows:

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 8:

All documents relating to any claims for emotional distress.

**Objection**: Plaintiff makes no claim for emotional distress.

Request No. 9:

All documents containing or referring to any calculations of your damages because of Donnelley's alleged unlawful conduct.

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 10:

All documents relating to any treatment you have received from, or any consultations you have had with, any physicians, psychiatrists, psychologists, social workers, mental health professionals or other health care professionals, from January 1, 1998 through the present. In addition, execute and notarize the attached Authorization for Release of Medical Information for each physician, psychiatrist, psychologist, social worker, mental health professional or other health care professional.

**Objection:** Plaintiff objects to this Request as violating the patient/physician privilege and as not reasonably calculated to lead to the discovery of admissible evidence, in that defendant admitted in its Answer to the Complaint that it approved plaintiff's requests for Family and Medical Leave (see, Answer [doc. #7] at ¶¶15, 16), so plaintiff has not put his medical condition at issue in this case. Had defendant believed that plaintiff did not suffer from a "serious medical condition" under the Family and Medical Leave Act, defendant could have received a second opinion on plaintiff's medical condition and, if necessary, an independent third and final medical opinion of plaintiff. See, Family and Medical Leave Act §103(c), (d) codified at 29 U.S.C. §2613(c), (d); Smith v. University of Chicago Hospitals, 2003 WL 22757754 at *7 (N.D. Ill. 2003) (Lefkow, J); Sims v. Alameda-Contra Costa Transit District, 2 F. Supp.2d 1253 (N.D. Ca. 1998). Plaintiff also objects to the time-frame of this Request to the present) as not reasonably calculated to lead to the discovery of admissible evidence and as harassing. Finally, plaintiff objects to this Request as violating HIPAA.

Request No. 11:

All documents relating to your admission to any hospital, health care facility or other medical institution, on either an inpatient or outpatient basis, from January 1, 1998 through the present.

**Objection:** Plaintiff objects to this Request as violating the patient/physician privilege and as not reasonably calculated to lead to the discovery of admissible evidence, in that defendant admitted in its Answer to the Complaint that it approved plaintiff's requests for

-4-

Family and Medical Leave (see, Answer [doc. #7] at ¶¶15, 16), so plaintiff has not put his medical condition at issue in this case. Had defendant believed that plaintiff did not suffer from a "serious medical condition" under the Family and Medical Leave Act, defendant could have received a second opinion on plaintiff's medical condition and, if necessary, an independent third and final medical opinion of plaintiff. See, Family and Medical Leave Act §103(c), (d) codified at 29 U.S.C. §2613(c), (d); Smith v. University of Chicago Hospitals, 2003 WL 22757754 at *7 (N.D. ILL. 2003) (Lefkow, J); Sims v. Alameda-Contra Costa Transit District, 2 F. Supp.2d 1253 (N.D. Ca. 1998). Plaintiff also objects to the time-frame of this Request to the present) as not reasonably calculated to lead to the discovery of admissible evidence and as harassing. Finally, plaintiff objects to this Request as violating HIPAA.

Request No. 12:

With regard to any individual whom you expect to call as an expert witness at trial:

(a)   All documents containing any conclusions drawn or opinions reached by the expert in connection with this matter;

(b)   All documents indicating or reflecting the basis for any conclusions drawn or opinions reached by the expert in connection with this matter;

(c)   All documents tending to support or to qualify, contradict or refute any conclusions drawn or opinions reached by the expert in connection with this matter;

(d)   All documents reviewed by the expert in the course of his or her work on this matter; and

(e)   All charts, graphs, summaries and other demonstrative evidence prepared in connection with the expert's anticipated testimony.

   **Answer:**   Currently, plaintiff does not expect to call any expert witness at trial. Plaintiff will obey the Federal Rules of Civil Procedure and any scheduling Order entered by the Court with regard to experts.

Request No. 13:

All documents relating to the allegations in Paragraph 11 of Plaintiff's Complaint that "throughout the remainder of 2006, Mr. Williams remained on track to write $11,000,000 in business for 2006, thus achieving the 'organic growth' that Supervisor DeSantis referred

to in the May 8, 2006, letter attached to this Complaint as Exhibit A."

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 14:

All documents relating to the allegations in Paragraph 12 of Plaintiff's Complaint that "also in the remainder of 2006, Mr. Williams earned a 'new business' bonus, which was one of the few new-business bonuses given to salespersons in his region, thus fulfilling the 'net new business' that Supervisor DeSantis referred to in the May 8, 2006, letter attached to this Complaint as Exhibit A."

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 15:

All documents relating to the allegations in Paragraph 13 of Plaintiff's Complaint that "throughout Mr. Williams's approximately twenty-three years of employment with defendant and its predecessor, Mr. Williams received compliments on his work from his supervisors, his fellow employees, and his clients and generally met and/or exceeded defendant's legitimate job-performance expectations."

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 16:

All documents relating to the allegations in Paragraph 19 of Plaintiff's Complaint that: "two days before Mr. Williams had requested leave to care for his father (i.e., on September 20, 2006), Mr. Williams had had a meeting with Supervisor DeSantis and a human resources representative at which Supervisor DeSantis expressed concern about the medical problems that had led to Mr. Williams's FMLA leaves."

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Request No. 17:

All documents relating to the allegations in Paragraph 21 of Plaintiff's Complaint that: "pursuant to and in reliance on defendant's promise to pay him commission and bonus, Mr. Williams made various sales for defendant."

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

**Request No. 18:**

All documents relating to the allegations in Paragraph 32 of Plaintiff's Complaint that: "Mr. Williams's request to care for his father qualified as a request for leave under the Family and Medical Leave Act."

**Answer:** Plaintiff has no such documents in his possession, custody, or control.

**Request No. 19:**

All documents used or relied upon in answering Donnelley's First Set of Interrogatories to Plaintiff.

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

**Request No. 20:**

With the exception of those documents being produced in response to the foregoing requests, all documents which relate to or support Plaintiff's claims against Donnelley.

**Objection:** Plaintiff objects to this request as not describing the items requested "with reasonable particularity" as required by Federal Rule of Civil Procedure 34(b) and as amounting to little more than a request to "turn over all your documents". Without waiving this objection, Plaintiff responds as follows:

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

**Request No. 21:**

All documents relating to your efforts, if any, to mitigate your damages.

**Answer:** All such documents have been produced with plaintiff's Initial Disclosures.

Michael Williams,
Plaintiff,

By: /s/ David L. Lee

David L. Lee
His Attorney

**Proof of service**: David L. Lee, an attorney, certifies that he served these Responses to Requests to Produce on September 15, 2008, by e-mailing an Adobe Acrobat version of the same to defendant's attorney Angela P. Obloy, at aobloy@vedderprice.com, as permitted pursuant to ¶3c of the Rule 26 Report entered by Judge Norgle.

*/s/ David L. Lee*

David L. Lee

David L. Lee
ARDC #1604422
d-lee@davidleelaw.com
Law Offices of David L. Lee
53 W. Jackson Blvd.
Suite 660
Chicago, IL 60604
312-347-4400